IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **CRIMINAL NO.: 06-056 (RJL)** |
| : | |
| **PATRICK PRITCHARD,** : | |
| : | |
| **Defendant.** : | |
| : | |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
INTRINSIC EVIDENCE OR OTHER CRIMES EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit certain evidence that the government believes is intrinsic to the crimes charged or, alternatively, evidence of other crimes, pursuant to Fed. R. Evid. 404(b) and in accordance with Drew v. United States, 331 F.2d 85, 90 (D.C. Cir. 1964), and its progeny. In support of its motion, the United States relies on the following points and authorities and such other points and authorities that may be cited at a hearing regarding this evidence.

**Background**

The defendant is charged with Transportation of Child Pornography (Count One) and Possession of Child Pornography (Count Two).[1] These offenses relate to certain images of child pornography found on the defendant's work computer, and emailed from the defendant's work email

---

[1] In order to prove Count One, the government must prove that the defendant knowingly transported in interstate or foreign commerce by any means, including by computer, in this case by email, any child pornography. In order to prove Count Two, the government must prove that the defendant knowingly possessed any material, in this case, computer images, that contains an image of child pornography.

address to his personal email address, on or about March 15, 2004. The indictment charges only seven of these emailed images.

## Argument

**I.    The Uncharged Images Found on Defendant's Computer and Emailed to Himself Are Intrinsic Evidence of the Crimes Charged.**

In Count One of the indictment, the government alleges that the defendant shipped and transported (by email) various images of child pornography, including seven particular images designated by specific names. By this Notice, the government wishes to make clear that it does not intend to limit its proof to the seven images listed in Count One. In fact, the government expects that the evidence will prove the defendant emailed a total of 64 images of child pornography from his work email address to his personal email address during a session on his work computer that lasted longer than one hour. Even though most of the emailed images are not specifically listed in Count One, they nevertheless constitute intrinsic evidence of the offense of Transportation of Child Pornography.

Moreover, although Count Two does not list any particular image of child pornography that the defendant possessed, all 64 images emailed from the defendant's computer, as well as a few non-emailed images found elsewhere on the defendant's computer, constitute intrinsic proof of the crime of Possession of Child Pornography.[2]

---

[2] Should the defendant argue that any of the 64 images appears to depict individuals who may be older than 18 years of age, that argument still should not prevent the admission of those images. The age of the individuals in the images is a factual issue for the jury to decide. The government intends to offer the expert opinion of a medical doctor to help the jurors decide the ages of the children in a number of the images. Even so, jurors still must use their own observations, common sense, and experience, along with the expert's opinion where applicable, to determine the ages of the individuals in any of the images accepted into evidence. See United
(continued...)

Should the defendant argue that the emailed images not listed in Count One are inadmissible because they are "uncharged," "other crimes" evidence, the Court should reject that argument.[3] The evidence showing that the defendant transported "uncharged" images of child pornography simultaneously with those listed in Count One is not precluded by Fed. R. Evid. 404(b) precisely because each image is "inextricably intertwined" with, or intrinsic to, the charged offenses. See United States v. Bowie, 232 F.3d 923, 927-29 (D.C. Cir. 2000) (noting some uncharged acts, performed contemporaneously with the charged offense to facilitate its commission, are inextricably intertwined and not barred by Rule 404(b)); United States v. Badru, 97 F.3d 1471, 1473-75 (D.C. Cir. 1996) (holding evidence of uncharged criminal activities, offered as direct evidence of a fact in issue, is intrinsic to charged offenses and not precluded by 404(b)).

II.     **Alternatively, the Uncharged Images Found on Defendant's Computer and Emailed to Himself Are Admissible As Evidence of Other Crimes under 404(b).**

In the alternative, the evidence showing that the defendant simultaneously possessed and transported uncharged images of child pornography is admissible *pursuant to* Fed. R. Evid. 404(b). See Long, 328 F.3d at 663 (upholding admission of uncharged child pornography photographs "[b]ecause the evidence of [the defendant's] possession of the uncharged photographic evidence was

---

[2](...continued)
States v. Long, 328 F.3d 655, 663 (D.C. Cir. 2003) (upholding admission of uncharged photographs of child pornography even though the images were not proven to be depictions of minors).

[3] An argument that 57 of the images the defendant "transported" by email on or about March 15, 2004, are "uncharged" could pertain only to Count One since that count specifically names seven particular images that were emailed. Count Two alleges that the defendant "possessed items of child pornography" without specifying a number, so the government intends to introduce all 64 emails, as well as a few non-emailed images found on the defendant's computer, to prove the offense of Possession of Child Pornography.

probative of disputed elements-possession and intent-of the charged offenses" of transportation of and possession of child pornography). See also United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (per curiam) (upholding admission of evidence that defendant charged with unlawful possession of firearms simultaneously possessed other firearms not charged in the indictment).

Although a defendant's other crimes, wrongs, or acts are not admissible to prove his character, Rule 404(b) provides that such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In this case, the government seeks to introduce evidence that on or about March 15, 2004, the defendant possessed and transported by email 64 images of child pornography, as well as a few non-emailed images of child pornography. The government seeks to offer this evidence not to establish the defendant's character but to establish that the defendant *intended* to possess and transport child pornography and did not do so by mistake or accident. The sheer number of images in which apparently young children and teenagers are striking sexually explicit poses, or engaging in sexually explicit conduct, strengthens the argument that the defendant intended to possess pornographic images involving children. Furthermore, that the defendant spent more than one hour viewing and emailing the child pornography from his work email address to his home email address bolsters the argument that the defendant intended to transport the images of child pornography.

The totality of these circumstances, *i.e.*, the length of time the defendant engaged in emailing

child pornography and the number of images emailed, helps the government prove the critical issues of knowledge and intent.

## Conclusion

WHEREFORE, the government provides notice of its intent to introduce the evidence described above.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney

By: _____
                              Frederick Yette, DC Bar # 385391
                              Assistant U.S. Attorney
                              Federal Major Crimes Section
                              555 4th Street, N.W.
                              Washington, D.C.  20530
                              (202) 353-1666
                              Frederick.Yette@usdoj.gov