IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. : 06-56(RJL) |
| | : |
| v. | : |
| | : |
| **PATRICK PRITCHARD,** | : |
| | : |
| Defendant. | : |
| | : |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully proposes the following final jury instructions:

**JURY INSTRUCTIONS**

Red Book Instructions (4th Edition)

    2.01 - Function of the Court

    2.02 - Function of the Jury

    2.03 - Jury's Recollection Controls

    2.04 - Evidence in the Case -- Judicial Notice, Stipulations, Depositions

    2.05 - Statements of Counsel

    2.06 - Indictment or Information Not Evidence

    2.07 - Inadmissible and Stricken Evidence

    2.08 - Burden of Proof -- Presumption of Innocence

    2.09 - Reasonable Doubt

    2.10 - Direct and Circumstantial Evidence

2.11 - Credibility of Witnesses

2.14 - Nature of Charges Not to be Considered

2.26 - Police Officer's Testimony

2.27 - Right of Defendant Not to Testify or

2.28 - Defendant as Witness

2.71 - Election of Foreperson

2.72 - Unanimity

2.74 - Possible Punishment Not Relevant

2.75 - Communications Between Court and Jury During Jury's Deliberations

2.76   Furnishing the Jury With the Instructions

3.02 - Proof of State of Mind

3.08 - Possession

PROPOSED INSTRUCTION
FOR TRANSPORTATION OF CHILD PORNOGRAPHY

Title 18, United States Code, Section 2252A(a)(1), makes it a Federal crime or offense for any person to knowingly transport, ship or mail any child pornography in interstate or foreign commerce, including by computer.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant knowingly transported, shipped, or mailed, by computer, in interstate or foreign commerce an item or items of "child pornography," as charged; and

*Second*: That at the time of such transportation, shipment, or mailing, by computer, the Defendant believed that such item or items constituted or contained "child pornography," as hereafter defined.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "minor" means any person under the age of eighteen (18) years.

The term "identifiable minor" means a person who was a minor at the time the visual depiction was created, adapted, or modified *and* who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.

The term "sexually explicit conduct" means actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) bestiality;

(c) masturbation;

(d) sadistic or masochistic abuse; or

(e) lascivious exhibition of the genitals or public area of any person.

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining

whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity.  In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

<u>PROPOSED INSTRUCTION<br>FOR POSSESSION OF CHILD PORNOGRAPHY</u>

Title 18, United States Code, Section 2252A(a)(5) makes it a Federal crime or offense for any person to knowingly possess an image of child pornography on federal property.

The Defendant can be found guilty of this offense only if the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly possessed one or more items of child pornography, which items depicted prepubescent minors or minors under the age of twelve years, as hereafter defined;

Second: That at the time of such possession the Defendant believed that such item or items constituted or contained child pornography involving prepubescent minors or minors under the age of twelve, as hereafter defined.

Third: That such item or items of child pornography were possessed on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government,

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen (18) years.  The terms "prepubescent minor," or "minor under the age of twelve," means a child that has not

developed secondary sexual characteristics. Secondary sexual characteristics include, for girls, the development of pubic hair and breasts, and for boys, the development of pubic hair and growth of the penis and testes.

The term "sexually explicit conduct" means actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal- genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) bestiality;

(c) masturbation;

(d) sadistic or masochistic abuse; or

(e) lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney


By: _____
        Frederick Yette, DC Bar # 385391
        Assistant U.S. Attorney
        Federal Major Crimes Section
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 353-1666
        Frederick.Yette@usdoj.gov