IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 06-56(RJL)** |
| | : | |
| v. | : | |
| | : | |
| **PATRICK PRITCHARD,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S REVISED PROPOSED JURY INSTRUCTIONS
REGARDING TRANSPORTATION AND POSSESSION OF CHILD PORNOGRAPHY**

Note: new proposed language has been underlined.

PROPOSED INSTRUCTION
FOR TRANSPORTATION OF CHILD PORNOGRAPHY

Title 18, United States Code, Section 2252A(a)(1), makes it a Federal crime or offense for any person to knowingly transport, ship or mail any child pornography in interstate or foreign commerce, including by computer.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First*: That the Defendant knowingly transported by computer, in interstate or foreign commerce an item or items of "child pornography," as charged; and

*Second*: That at the time of such transportation by computer, the Defendant knew that such item or items constituted or contained "child pornography," as hereafter defined.

To prove that the Defendant transported child pornography, the Government is required to prove that the Defendant transported a single image. The Government does not have to prove that the Defendant transported each image introduced into evidence. However, you have to be unanimous with respect to the image or images of child pornography you determine the defendant transported. Therefore, as long as you unanimously find beyond a reasonable doubt that the defendant knowingly transported a single image, and that the other elements of the offense have been proven beyond a reasonable doubt, you must find the defendant guilty.

The term "interstate or foreign commerce" means the movement of property, in this case, child pornography, from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.  Although the Government must prove beyond a reasonable doubt that the Defendant transported child pornography in interstate or foreign commerce, it is not necessary for the Government to establish that the Defendant knew that state lines would be crossed or that the child pornography would travel in interstate or foreign commerce.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

The term "minor" means any person under the age of eighteen (18) years.

[If the Court does not permit Dr. Craig to testify:]  The Government is not required to present any additional evidence or expert testimony to meet its burden of proof to show that the images possessed by the defendant depict real children.  You can review the images yourself to determine whether real children are depicted.

The term "sexually explicit conduct" means actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal- genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) bestiality;

(c) masturbation;

(d) sadistic or masochistic abuse; or

(e) lascivious exhibition of the genitals or public area of any person.

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity.  In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude.  You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

PROPOSED INSTRUCTION
FOR POSSESSION OF CHILD PORNOGRAPHY

   Title 18, United States Code, Section 2252A(a)(5) makes it a Federal crime or offense for any person to knowingly possess an image of child pornography on federal property.

   The Defendant can be found guilty of this offense only if the following facts are proved beyond a reasonable doubt:

   First: That the Defendant knowingly possessed one or more items of child pornography; and

   Second: That such item or items of child pornography were possessed on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government,

The terms "child pornography," "minor," "sexually explicit conduct," and "lascivious exhibition," were explained when I discussed Count One. [Or the Court may read the definitions again, as described below.]

The term "child pornography" means any visual depiction including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen (18) years.

The term "sexually explicit conduct" means actual or simulated:

(a) sexual intercourse, including genital-genital, oral-genital, anal- genital, or oral-anal contact, whether between persons of the same or opposite sex;

(b) bestiality;

(c) masturbation;

(d) sadistic or masochistic abuse; or

(e) lascivious exhibition of the genitals or pubic area of any person.

Regarding the last type of sexually explicit conduct—"lascivious exhibition"—not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition you may consider whether the minor appears to be displayed in an unnatural pose or in inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney

By: _____
     Frederick Yette, DC Bar # 385391
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 353-1666
     Frederick.Yette@usdoj.gov