### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Case No. 06-56 (RJL) |
| ) | |
| PATRICK PRITCHARD, ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Patrick Pritchard, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter. For the reason outlined in more detail below, Mr. Pritchard respectfully requests that the Court sentence Mr. Pritchard to a period of 60 months in prison. In support of this request, counsel states:

1. As the Court knows, Mr. Pritchard appears before the Court for sentencing after having been found guilty of one count of possessing child pornography, in violation of 18 U.S.C. § 2252, and one count of transporting child pornography, in violation of 18 U.S.C. § 2252. The latter charge carries a 60 month mandatory minimum sentence.

2. The incident that gave rise to the instant charges occurred in March of 2004. Although the conduct was uncovered and made known to Mr. Pritchard in June of 2004, no charges were filed until February of 2006, two years after the alleged conduct was uncovered. During that two year time period, Mr. Pritchard made no attempt to flee and continued to reside in suburban Maryland, maintaining regular contact with his former employer.

3. After his arrest, Mr. Pritchard was released on personal recognizance by Judge Facciola with the condition that he maintain weekly contact with the Pre-trial Services Agency. Mr. Pritchard

has scrupulously abided by his release conditions during the two-year pendency of this case.

    4. The Probation Department has determined that Mr. Pritchard is a criminal history category I Offender, and that the Offense Level in this case is 23, resulting in a sentencing guideline range of 46-57 months. Mr. Pritchard does not dispute this calculation. Moreover, Mr. Pritchard does not dispute that the instant charges carry a 60 month mandatory minimum sentence; therefore, the minimum sentence the Court can impose in this case is 60 months – notwithstanding the fact that the Guidelines envision the imposition of a substantially less severe sentence.

Imposition of Sentence

    Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

    Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

    Mr. Pritchard has had only one other contact with the criminal justice system, a case in

which he received "probation before judgement." As noted in the Pre-Sentence Report, that case arose, in part, due to Mr. Pritchard being improperly medicated by his attending physician. Mr. Pritchard was required to obtain counseling in connection with that case, which he has done. He is presently under the care of two mental health professionals.

As noted in the Pre-Sentence Report Mr. Pritchard has one biological daughter (age 9) and one step-son (also age 9) . He and his wife are expecting a third child in early 2009. Mr. Pritchard has had an active role in his daughter's life. Although his daughter resides with his former wife, Mr. Pritchard has liberal visitation rights with his daughter, seeing her twice weekly and every other weekend. Mr. Pritchard also plays an active role in his step-son's life.

According to those closest to Mr. Pritchard, there have never been any allegations of abuse of any kind towards his children. Indeed, according to Mr. Pritchard's wife, in-laws, brother and friends, there is no evidence Mr. Pritchard poses any danger to any child. This belief is shared by Mr. Pritchard's Licensed Clinical Professional Counselor, William Arrick, who reports that Mr. Pritchard poses no "risk to children of the community as a whole, and that [Mr. Pritchard] has no pedophilic tendencies."

Mr. Pritchard has a long, stable and exemplary employment history. As the Court will recall, Mr. Pritchard's supervisor, Chris Herndon, testified at trial that Mr. Pritchard was a model employee. Prior to incident which gave rise to these charges, Mr. Pritchard had worked at the Naval Research Lab, without incident, for fifteen years, obtaining the highest security clearances.

Applying the sentencing factors contained in 18 U.S.C. §3553, the facts of this case, coupled with Mr. Pritchard's background, would typically result in a sentence far below the bottom of the guideline range (46 months). As the Court knows, however, the charges in this case

carry a mandatory minimum sentence of 60 months. Mr. Pritchard, therefore request the Court to impose a sentence of 60 months.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500